```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CAROLINE HINKLE CROUCH, Individually
and as The Administratrix and Personal            ORDER
Representative of the Estate of                   CV 15-974 (JS)(AYS)
HARLAN P. CROUCH, II

                        Plaintiff,

- against -


LIBERTY PRIDE CORPORATION,
LIBERTY MARITIME CORPORATION
and the MV LIBERTY PRIDE, in rem

                        Defendants.
-----------------------------------------------------------X
```
**ANNE Y. SHIELDS, Magistrate Judge:**

  Before the Court is a motion by Plaintiff Caroline Hinkle Crouch ("Plaintiff"), requesting the issuance of a Letter of Request for Judicial Assistance ("Letter of Request" or "LOR"), pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444 (hereinafter cited as "Hague Evidence Convention"). The LOR is addressed to the "Senior Master For the attention of the Foreign Process Section, Room E16, Royal Courts of Justice, Strand, London." See Letter of Request, Docket Entry ("DE") 24. For the reasons set forth below, the motion is granted.

## Parties

  Plaintiff in this case is Caroline Hinkle Crouch, the widow and personal representative of the estate of Harlan P. Crouch, decedent. See Complaint ("Compl.") ¶¶ 6-7, DE 1.

  Defendants in this case are the Liberty Pride Corporation ("LPC"), the Liberty Maritime Corporation ("LMC"), and the MV Liberty Pride, in rem. Id. ¶¶ 2-4. Both LPC and LMC are domestic corporations with principle places of business in the Eastern District of New York. Id.

¶¶ 2-3. The MV Liberty Pride (the "Liberty Pride" or the "Vessel") is an American flagged vessel. Id. ¶ 4. At all relevant times, LPC and LMC were the legal, titled, beneficial, or pro hac vice owners of the Liberty Pride. Id. ¶¶ 8-16. LPC and LMC also operated, managed, controlled, and hired the crew of the Liberty Pride at all relevant times. Id.

**Background**

This is an admiralty case alleging that Plaintiff's husband/decedent, Harlan P. Crouch, II ("Crouch"), was employed as a seaman working on the Liberty Pride, a sea vessel legally owned by Defendants LPC and/or LMC. See Compl. ¶¶ 4, 13, 17, 24, DE 1; see also Affidavit of Ralph J. Mellusi ("Mellusi Aff.") ¶ 3, DE 21-1. On July 3, 2014, while the Vessel was berthed in Bahrain, Crouch is alleged to have been operating a motorized six-wheel vehicle known as the "Gator," on a deck located within the Vessel. Compl. ¶¶ 21-24, DE 1. It is further alleged that the Gator, with Crouch aboard, went over an unguarded edge of a ramp cover on the Vessel, falling approximately fifteen feet to the ramp below. Id. ¶ 24, DE 1. The Gator landed upside down causing injuries which resulted in Crouch's death. Id.

Crouch was killed while the Liberty Pride was at the Arab Shipbuilding and Repair Yard ("ASRY"). Mellusi Aff. ¶ 3, DE 21-1. At the time, Mark A. Burrows ("Burrows") was ASRY's Risk Prevention Manager. Id. Shortly after the accident, Burrows investigated the accident scene, where he interviewed the master and crew members, made observations, and took photographs. Id. ¶ 12. Burrows additionally authorized a detailed report regarding the accident, which contained facts from witness interviews, photographs, measurements, and included opinions and recommendations (the "Burrows Report"). Id. ¶¶ 11-13.

Defendants have stated they will attempt to block admission of the Burrows Report into evidence as hearsay; thus, Plaintiff states that Burrows' testimony is essential. Mellusi Aff. ¶ 13,

DE 21-1. Although Burrows initially expressed a willingness to provide Plaintiff with information, on May 20, 2016, Burrows stated that because he was no longer an employee of ASRY, he found it inappropriate to provide Plaintiff with a deposition. Id. ¶¶ 16, 21, 22; see also DE 21-4. As Burrows is unwilling to voluntarily provide testimony, a subpoena is necessary to compel such testimony. DE 21-1 ¶ 14. However, because Burrows is a citizen of England, he is outside of this Court's jurisdiction. DE 21. Plaintiff therefore asks that this Court issue a Letter of Request to the Royal Courts of Justice in the United Kingdom, to obtain the video and stenographic deposition of Burrows. See Plaintiff's Motion (Pl. Mot."), DE 21. According to the sworn declaration of Plaintiff's attorney, Defendants do not object to Plaintiff's motion seeking discovery from Burrows. DE 21-1 ¶ 25.

## Discussion

A Letter of Request, also commonly referred to as a letter rogatory,[1] is an "appropriate mechanism for securing the testimony of . . . witnesses who cannot be compelled to appear" in court. In re Optimal U.S. Litigation, 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011) (citation omitted). When deciding whether to issue such a letter, the Court must carefully scrutinize the application so as to reduce the burden placed on a foreign judiciary by virtue of the application. Metso Minerals Inc. v. Powerscreen Int'l Distribution Ltd., 2007 WL 1875560, at *1 (E.D.N.Y. 2007) (citing Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 546, (1987)). Although the United States Supreme Court has held that the Hague Evidence Convention (the "Convention") is not the only way to acquire discovery from a foreign entity, it has also held that the Convention does provide a "set of minimum standards" that

---

[1] The term "letter of request" has been substituted for the term "letter rogatory." Fed. R. Civ. Pro 28(b)(2)(B), Advisory Committee Notes (1993); see, e.g., Blagman v. Apple, Inc., 2014 WL 1285496, at *1 (S.D.N.Y. 2014) (using letter rogatory and letter of request interchangeably).

contracting states have agreed to comply with, while maintaining the procedures used by the cooperating countries when taking evidence. Id. (quoting Aerospatiale, 482 U.S. at 532). Those standards require that a Letter of Request provide foreign officials with specific information pertaining to both the lawsuit and the information requested. Blagman v. Apple, Inc., 2014 WL 1285496, at *4 (S.D.N.Y. 2014) (citing Hague Evidence Convention, 23 U.S.T. 2555, Art. 3(f) ("Where appropriate, the Letter shall specify ... the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined.")).

The party seeking to obtain discovery through the Convention has the burden of demonstrating that the manner in which they are proceeding is "necessary and appropriate." Metso, 2007 WL 1875560, at *2 (collecting cases). "That burden is not great, however, since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'" Tulip Computers Int'l B.V. v. Dell Computer Corp., 254 F. Supp. 2d 469, 474 (D. Del. 2003) (quoting Aerospatiale, 482 U.S. at 541). In determining whether the procedures of the Hague Evidence Convention are applicable, the Court may consider factors, such as "considerations of comity, the relative interests of the parties including the interest in avoiding abusive discovery, and the ease and efficiency of alternative formats of discovery." Metso, 2007 WL 1875560, at *2 (quoting Madanes v. Madanes, 199 F.R.D. 135, 141 (S.D.N.Y. 2001)) (citations omitted). A Letter of Request is properly granted by a Federal Court where there is compliance with the requirements of the Convention and the information sought is within the scope of discovery as set forth in Rule 26 of the Federal Rules of Civil Procedure. See Joseph v. Gnutti Carlo S.p.A., et al., 2016 WL 4083433, at *1 (S.D.N.Y. 2016).

Although signatories to the Convention agree to cooperate with foreign nations concerning discovery, they may have differing standards in determining whether to execute

letters of request with regard to pre-trial discovery. Aerospatiale, 482 U.S. at 537 (noting that Article 23 of the Hague Convention allows contracting parties to "revoke [their] consent to the treaty's procedures for pretrial discovery"). Indeed, "the United Kingdom has reserved its rights to impose stricter pretrial discovery standards when evaluating letters rogatory received from foreign nations." Blagman, 2014 WL 1285496, at *4 (citation omitted). Unlike the United States, which allows discovery of non-admissible evidence if it is relevant to a party's claim or defense, Fed. R. Civ. P. 26(b)(1), the United Kingdom will allow pretrial depositions of third-parties to be "taken only when the subject matter of [the] deposition is restricted to the evidence admissible at trial," Blagman, 2014 WL 1285496, at *4 (citations and quotation marks omitted); see also Metso Minerals Inc. v. Powerscreen Int'l Distribution Ltd., 2008 WL 719243, at *5 (E.D.N.Y. 2008). Therefore, while the propriety of issuance of the LOR is a matter for this Court, the decision of whether to execute the LOR will be decided by the sovereign court to which the LOR is addressed. See Metso, 2007 WL 1875560, at *3.

Here, the proposed Letter of Request submitted by Plaintiff is a means of obtaining discoverable evidence available under the Hague Evidence Convention. Plaintiff alleges that the Vessel was unseaworthy, and that its owners' negligence caused the death of Crouch. Compl. ¶ 55. Defendants' deny Plaintiff's allegations. Answer. ¶ 55, DE 14. Burrows' testimony regarding his inspection of the scene of the accident is relevant to the claims and defenses herein and certainly falls within the Rule 26 scope of discovery. In light of the facts that Burrows has refused to consent to the taking of his deposition and that he is a non-party citizen of England who is beyond the jurisdiction of this court, the procedures of the Hague Evidence Convention, such as the issuance of a Letter of Request, may be the only means available to obtain Burrows' testimony. See In Re Baycol, 348 F. Supp. 2d at 1060 (finding that "resort to the [Hague

5

Evidence] Convention is the only means available to obtain the requested discovery from [the witness], as he is a foreign person that is not a party to this case, and who is not otherwise subject to the jurisdiction of this Court"); Tulip Computers, 254 F. Supp. 2d at 474 ("Resort to the Hague Evidence Convention in this instance is appropriate since both [witnesses] are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court.").

In addition to seeking information that falls squarely within the scope of discoverable evidence, Plaintiff's motion contains the information required by the Convention. See LOR, DE 24; see also Hague Evidence Convention, 23 U.S.T. 2555. Thus, the request specifies: (1) the judicial authority requesting execution of the Letter of Request and the judicial authority requested to execute it; (2) the names and addresses of the parties and their representatives; (3) the nature of the proceedings for which the evidence is sought, and a summary of the complaint; and (4) a description of the evidence to be obtained or the judicial act to be performed. See LOR, DE 24; see also Hague Evidence Convention, 23 U.S.T. 2555. Plaintiff has requested to take Burrows' deposition by video at a location in England. Thus, the request takes into account the relative interests of the parties and properly seeks to avoid burdensome abuse of the discovery process. See Gnutti, 2016 WL 4083433, at *2 (noting that since any party may appear at a UK deposition "telephonically or through video-conference" there is no "reason to be concerned about needless burden or expense").

For the foregoing reasons the Court holds that Plaintiff seeks discovery within Rule 26 of the Federal Rules of Civil Procedure and has complied with the requirements of the Hague Evidence Convention. Accordingly, Plaintiff's motion for a Letter of Request pursuant to the Hague Evidence Convention is granted and the Court will issue the requested Letter of Request.

## **Conclusion**

For the foregoing reasons, the Plaintiff's motion, appearing as Docket No. 21, for a Letter of Request pursuant to the Hague Evidence Convention is granted.

**SO ORDERED:**

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge

Central Islip, New York
September 9, 2016